**MORGAN, LEWIS & BOCKIUS LLP**
(A Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, New Jersey 08540
Richard G. Rosenblatt
Emily Cuneo DeSmedt
Tyler J. Hill
Phone: 609.919.6673
Fax: 609.919.6701
*Attorneys for Defendants*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAUN SIMMONS,<br><br>    Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES, INC., MIKE MENNO, TYLER HOUPT, AND JOHN DOES 1-5 AND 6-10,<br><br>    Defendants. | Civil Action No. 3:20-cv-13865<br><br>**NOTICE OF REMOVAL**<br><br>*Electronically Filed* |

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Amazon.com Services LLC (incorrectly named in the Complaint as Amazon.com Services, Inc. and referred to herein as "Amazon"), Mike Menno, and Tyler Houpt (together, "Defendants"), by and through their attorneys, Morgan, Lewis & Bockius LLP, hereby give notice of removal of this matter to the United

States District Court for the District of New Jersey from the Superior Court of New Jersey, Law Division, Mercer County. The grounds for removal are as follows:

1. Pursuant to Rule 10.1(a) of the Local Civil Rules, the addresses of the named parties are as follows:

   a. Defendant Amazon is a foreign corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Washington. Amazon is represented in this matter by Richard G. Rosenblatt, Emily Cuneo DeSmedt, and Tyler J. Hill, of Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, New Jersey 08540-7814.

   b. Defendant Tyler Houpt resides at 2357 East Sergeant Street in Philadelphia, Pennsylvania. Mr. Houpt is represented in this matter by Richard G. Rosenblatt, Emily Cuneo DeSmedt, and Tyler J. Hill, of Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, New Jersey 08540-7814.

   c. Defendant Mike Menno resides at 1826 Polo Run Drive in Yardley, Pennsylvania. Mr. Menno is represented in this matter by Richard G. Rosenblatt, Emily Cuneo DeSmedt, and Tyler J. Hill, of Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, New Jersey 08540-7814.

d. Plaintiff Shaun Simmons ("Plaintiff") alleges he resides in New Jersey. Plaintiff is represented in this matter by Drake P. Bearden, Jr., of Costello & Mains, LLC, 18000 Horizon Way, Suite 800, Mount Laurel, New Jersey 08054.

## I. State Court Action

2. Plaintiff commenced this action on September 4, 2020 by filing a Complaint and Jury Demand ("Complaint") in the Superior Court of New Jersey, Law Division, Mercer County, captioned as <u>Shaun Simmons v. Amazon.com Services, Inc., Mike Menno, Tyler Houpt, and John Does 1-5 and 6-10</u>, Docket No. MER-L-1578-20. A true and correct copy of the Complaint, Case Information Statement, and Track Assignment Notice is attached as **Exhibit A**.

3. Defense counsel acknowledged service of the Complaint as of September 4, 2020. A true and correct copy of the Acknowledgement of Service is attached as **Exhibit B**.

4. No other proceedings in this action have been held in the Superior Court of New Jersey, and the documents attached as Exhibits A–B constitute all processes and pleadings filed with the New Jersey Superior Court in this case.

5. The Complaint asserts claims against Defendant under the New Jersey Law Against Discrimination (NJLAD) as well as a common law claim for failure to accommodate. Specifically, Counts I through II of the Complaint allege

harassment under the NJLAD, Count III alleges discrimination under the NJLAD, Count IV alleges failure to accommodate, Counts V and VI allege retaliation under the NJLAD, and Count VII alleges aiding and abetting under the NJLAD. (Exh A., at ¶¶ 66-83.) Count VIII requests "equitable relief" in connection with "practices [allegedly] contested" in the Complaint." (Exh A., at ¶¶ 84-92.)

## II. Removal of State Court Action

6. Section 1441(a) of Title 28 of the United States Code provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7. Pursuant to Section 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- (1) Citizens of different States." 28 U.S.C. § 1332(a)(1).

8. Accordingly, Defendants remove this action on the grounds that the amount in controversy in this matter exceeds $75,000 and Plaintiff and Defendants are citizens of different states. See 28 U.S.C §§ 1332(a), 1441(a).

**III.     Citizenship**

9.     "Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the complaint was filed." <u>Midlantic Nat. Bank v. Hansen</u>, 48 F.3d 693, 696 (3d Cir. 1995).

10.     Plaintiff, at the time of filing of the Complaint, was a citizen of the State of New Jersey.  (<u>See</u> Exh. A, p. 1.)

11.     The Complaint does not contain any allegations regarding the citizenship of Amazon.[1]

12.     Pursuant to 28 U.S.C. §1332(c)(1), a corporation is deemed a citizen of any state in which it has been incorporated and of any state where it has its principal place of business.  Courts apply the "nerve center" test to identify a corporation's principal place of business.  <u>Maignan v. Precision Autoworks</u>, No. 13-3735, 2014 WL 201857, at *2 (D.N.J. Jan. 15, 2014) (citing <u>Hertz Corp. v. Friend</u>, 559 U.S. 77 (2010)).  Under the nerve center test, the principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." <u>Id.</u>

13.     Amazon, at the time of filing of the Complaint, was a corporation organized and existing under and by virtue of the laws of the State of Delaware,

---

[1] The Complaint merely alleges that Amazon is "registered and operating" in New Jersey. (<u>See</u> Exh. A, ¶ 2.)

5

with its corporate headquarters in Seattle, Washington.  Accordingly, Washington is Amazon's principal place of business.  See Maignan, 2014 WL 201857, at *3; Harris v. Bristol-Myers Squibb Co., 2012 WL 1243260, at *2 & n.8 (D.N.J. April 12, 2012).

14. Defendant Houpt, at the time of filing of the Complaint, was a citizen of the State of Pennsylvania.

15. Defendant Menno, at the time of filing of the Complaint, was a citizen of the State of Pennsylvania.

16. There are no other named parties in the case.  (See Exh. A.)  Pursuant to 28 U.S.C. 1441(b)(1), the citizenships of the fictitious Defendants named in the Complaint (JOHN DOES 1-5 and 6-10) are disregarded.  See Harris, 2012 WL 1243260 at *2, n.9.

17. "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010).  Here, Plaintiff is not a citizen of the same state as any Defendant.  Therefore, complete diversity exists.  See 29 U.S.C. § 1332(a)(1).

### IV. Amount in Controversy

18. In the Complaint, Plaintiff seeks monetary damages.  Specifically, the Complaint seeks compensatory damages, punitive damages, attorneys' fees,

"enhanced attorneys' fees," back pay, front pay, and "any other relief the Court deems equitable and just." (See Exh. A., at Wherefore clauses.) Plaintiff further alleges damages for emotional distress and personal hardship. (See id.)

19. Although Plaintiff does not quantify the amount of damages that he seeks to recover, Plaintiff cannot show to a legal certainty that his alleged damages amount to less than $75,000. See Frederico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007) (where a plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum, the case will only be remanded if "it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount").

20. Based on the allegations pled in the Complaint and the relief Plaintiff seeks, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of seventy-five thousand dollars ($75,000.00). See Rodriguez v. Burlington Cty. Corr. Dep't, 2015 WL 790521, at *3 (D.N.J. Feb. 25, 2015), reconsideration dismissed, 2015 WL 5297271 (D.N.J. Sept. 9, 2015) (holding that the employee-plaintiff's potential damages could "easily exceed" $75,000 where the plaintiff sought compensatory damages for lost wages and fringe benefits, front and back pay, future benefits, loss of earning capacity, damages for emotional and physical distress, damage to reputation, pain and humiliation damages, punitive damages, and attorney's fees); Uddin v. Sears, Roebuck & Co., 2014 WL 316988,

at *5 (D.N.J. Jan. 27, 2014) (denying a motion to remand and finding that the employee-plaintiff could potentially recover two months of back pay, punitive damages, and attorney's fees such that his total damages could exceed the jurisdictional threshold).

21. Thus, the damages Plaintiff alleges satisfy the amount in controversy required for diversity jurisdiction. Because the citizenship of the parties is diverse, and it does not appear to a legal certainty that Plaintiff cannot recover at least $75,000, this action is properly removed on diversity grounds. See 29 U.S.C. § 1332.

## V. Venue

22. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the District of New Jersey is the federal judicial district embracing the Superior Court of New Jersey, Mercer County, where Plaintiff originally filed this action, and a substantial part of the alleged events or omissions giving rise to Plaintiff's claims are alleged to have occurred in this judicial district.

## VI. Timing of and Consent to Removal

23. This Notice of Removal is filed within thirty (30) days of Defendants' receipt of a copy of the Complaint, and, therefore, has been timely filed under 28 U.S.C. § 1446(b).

24. Pursuant to 28 U.S.C. § 1446(d), Defendants are simultaneously filing copies of all process, pleadings, and orders existing on file in the State court in this removed action. Further, pursuant to 28 U.S.C. § 1446(d), Defendants will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Mercer County and will properly give Plaintiff written notice of this filing.

25. By filing a Notice of Removal in this matter, Defendants do not waive, and expressly reserve, their right to assert any and all defenses and/or objections in this case, including their right to contest personal jurisdiction, service of process and the sufficiency of the Complaint.

26. The undersigned is counsel for, and is duly authorized to effect removal on behalf of, Defendants.

WHEREFORE, Defendants hereby remove this action from the Superior Court of New Jersey, Mercer County, Law Division, and submit the foregoing to this Court's jurisdiction for further proceedings.

          **MORGAN, LEWIS & BOCKIUS LLP**

Dated: October 5, 2020      /s/ *Emily Cuneo DeSmedt*
                                    Richard G. Rosenblatt
                                    Emily Cuneo DeSmedt
                                    Tyler J. Hill
                                    502 Carnegie Center
                                    Princeton, New Jersey 08540
                                    Phone: 609.919.6673
                                    *Attorneys for Defendants*

## **CERTIFICATION**

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that the matters raised herein are not the subject of any other pending lawsuit, arbitration, or administrative proceeding except the state court action which is being removed.

Dated: October 5, 2020    /s/ *Emily Cuneo DeSmedt*
                                        Emily Cuneo DeSmedt

## **CERTIFICATE OF SERVICE**

I, Emily Cuneo DeSmedt, hereby certify that on this 5th day of October, 2020, the foregoing Notice of Removal with attached exhibits, Local Civil Rule 11.2 Certification, and Civil Cover Sheet was electronically filed via the Court's ECF filing system on the following counsel of record:

> Drake P. Bearden, Jr.
> Costello & Mains, LLC
> 18000 Horizon Way
> Suite 800
> Mount Laurel, NJ  08054
>
> *Attorneys for Plaintiff*

Dated:  October 5, 2020                         /s/ *Emily Cuneo DeSmedt*
                                                              Emily Cuneo DeSmedt