# EXHIBIT A

**COSTELLO & MAINS, LLC**
By: Drake P. Bearden, Jr.
Attorney I.D. No. 039202009
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

---

| | : | |
|---|---|---|
| SHAUN SIMMONS, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | MERCER COUNTY - LAW DIVISION |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| AMAZON.COM SERVICES, INC., MIKE MENNO, TYLER HOUPT and JOHN DOES 1-5 AND 6-10, | : | DOCKET NO: |
| | : | |
| Defendants. | : | **COMPLAINT AND JURY DEMAND** |

---

Plaintiff, Shaun Simmons, residing in the State of New Jersey, by way of Complaint against the Defendants, says:

**Preliminary Statement**

Plaintiff brings this suit pursuant to the New Jersey Law Against Discrimination ("LAD") alleging pregnancy discrimination, failure to accommodate, retaliation and harassment based on gender identity.

**Identification of Parties**

1. Plaintiff Shaun Simmons was, at all times relevant herein, a resident of the State of New Jersey, and an employee at Defendant Amazon.com Services, Inc.

2. Defendant Amazon.com Services, Inc., (herein after referred to as "Amazon") was at all times relevant herein, a corporation registered and operating in the State of New Jersey

1

with the service of process address at Princeton South Corporate Center, Suite 106, 100 Charles Ewing Boulevard, Ewing, NJ 08628.

3. Defendant Mike Menno was, at all times relevant herein, a resident of the State of New Jersey, and an individual who is liable for the reasons outlined below.

4. Defendant Tyler Houpt was, at all times relevant herein, a resident of the State of New Hersey and an individual who is liable for the reasons outlined below.

5. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

## General Allegations

6. Plaintiff began working for Defendant on or around January 1, 2015.

7. Defendant promoted plaintiff to the position of process assistant in or around August 2018.

8. In or around May of 2019, Defendant moved Plaintiff back to the fulfillment center wherein Plaintiff reported to Mohit Mohamed.

9. When Mohamed was away for training, Plaintiff reported to Defendants Menno and Houpt.

10. In or around the last week of June 2019, Plaintiff disclosed to Menno that Plaintiff was pregnant.

11. Plaintiff disclosed this to Menno, because Mohamed was away at training at the time, and therefore, Menno was Plaintiff's direct supervisor.

12. The next day, one of Plaintiff's co-workers approached Plaintiff and congratulated Plaintiff on the fact that he was pregnant.

13. Plaintiff learned that Menno had told another supervisor about Plaintiff's pregnancy, and had not kept the information confidential.

14. In addition to disclosing Plaintiff's pregnancy to other employees, Menno and Houpt also began criticizing Plaintiff's work performance after Plaintiff disclosed that he was pregnant, in an effort to demote Plaintiff.

15. Plaintiff complained to human resources that Menno and Houpt were retaliating against Plaintiff because he disclosed his pregnancy.

16. In response to Plaintiff's complaint, Plaintiff was sent home and placed on leave with pay.

17. Following Menno's disclosure of Plaintiff's pregnancy, Plaintiff's co-worker harassed Plaintiff based on the fact that Plaintiff was pregnant.

18. In particular, Plaintiff's co-worker stated to Plaintiff as Plaintiff was entering the men's bathroom "aren't you pregnant."

19. Plaintiff reported to human resources that he was being harassed, and concerned about the harassing comments made by his co-workers.

20. In response to Plaintiff's complaint, Plaintiff was again placed on paid leave.

21. Once Mohamed returned from training, Plaintiff complained to Mohamed that Menno and Houpt were retaliating against Plaintiff because he disclosed he was pregnant.

22. In particular, Menno and Houpt were attempting to place Plaintiff in PATH, which is a tier 1, non-management, non-supervisory position.

23. Plaintiff requested to human resources that Plaintiff be transferred to the new Burlington County building, to avoid Plaintiff being retaliated against by Menno and Houpt.

3

24. As a result of this request, Plaintiff was again placed on paid leave in the last two weeks of July.

25. On or around August 1, 2019, Plaintiff returned to work at the TEB6 facility.

26. At that facility, Defendant assigned Plaintiff to picking items which is a tier 1 non-management, non-supervisory position.

27. The TEB6 facility handles dog food and other heavy food packages.

28. Therefore, Plaintiff was required to lift heavy items as an item picker.

29. Prior to this, Defendant never required Plaintiff to perform heavy lifting while working for Defendant.

30. As a result of Plaintiff being required to lift heavy items, Plaintiff developed pain in his abdomen due to the fact that Plaintiff was pregnant.

31. As a result of the fact that Plaintiff felt pain in his abdomen, Plaintiff complained to human resources, and was required to take a one-week paid leave of absence.

32. In or around the first week of August 2019, Plaintiff told Vera Barossa from human resources about the fact that he was required to work in a non-supervisory position, and the fact that he had restrictions due to his pregnancy.

33. On or around August 8, 2019, Defendant placed Plaintiff as a supervisor assistant performing tier 1 tasks and lifting heavy items.

34. Plaintiff was placed in this position despite the fact that Plaintiff notified Defendant he had lifting restrictions as a result of his pregnancy, and the fact that Plaintiff should be in a supervisory role.

35. As a result of being placed in the non-supervisory position lifting heavy items, Plaintiff again complained to Barossa.

36. Barossa told Plaintiff that he needed paperwork from his physician regarding any pregnancy accommodation.

37. Therefore, Plaintiff provided accommodation documents to both Barossa and Tasha Clay.

38. In or around the beginning of September 2019, Defendant informed Plaintiff that he would not receive the accommodations he was requesting.

39. Plaintiff was also informed that the supervisory position Plaintiff was previously offered at the Burlington County facility was rescinded, and Plaintiff would be placed on unpaid leave pending the birth of his child.

40. At the time Plaintiff was required to take unpaid leave, Plaintiff was capable of performing his job duties up to and above expectation.

41. All of the harassment Plaintiff was subjected to was unwelcomed.

42. Plaintiff identifies as a male.

43. All harassment herein is alleged to be severe and/or pervasive.

44. All harassment herein is alleged to have been because of Plaintiff's gender identity and/or the fact that Plaintiff was pregnant.

45. All harassment set forth herein is such that a reasonable man in Plaintiff's circumstance would have found his work environment altered to have become hostile, intimidating or abusive.

46. Plaintiff's work environment did so alter.

47. The harassment was purposeful, intentional and willful, and undertaken by members of management, in fact and in law, and members of management were willfully indifferent to the harassment.

48. Because the harassment was intentionally egregious, and because members of upper management participated in the harassment and were willfully indifferent to the harassment, punitive damages are warranted.

49. Defendant is responsible for the harassment because it failed to reasonably promulgate a policy prohibiting the same.

50. Defendant Amazon is further liable in this matter because it knew or should have known about the harassment and failed to take prompt and effective remedial measures to stop it.

51. Defendant Amazon is further liable in this matter because Defendant delegated to the harassing employees the authority to control the work environment and the harassing employees abused that authority to create a hostile work environment.

52. At all times relevant to this Complaint, Plaintiff was pregnant.

53. A determinative or motivating factor in the adverse employment decisions taken against Plaintiff including, but not limited to, requiring Plaintiff to take unpaid leave, transferring Plaintiff, demoting Plaintiff, and refusing to provide Plaintiff with an accommodation was, Plaintiff's pregnancy.

54. Plaintiff was further a member of a protected class as an individual who advanced his rights pursuant to the LAD in making a request for an accommodation due to his pregnancy.

55. Plaintiff was subjected to adverse employment actions including, but not limited to, being forced to take paid leave, being demoted, being required to lift heavy items despite his lifting restrictions, being refused accommodations, and being forced to take unpaid leave as a result of making a request for an accommodation.

56. Plaintiff's membership in one or more of the protected groups set forth above was a determinative or motivating factor in the adverse employment actions taken against Plaintiff as outlined above.

57. Because the discrimination and retaliation was knowing, intentional and purposeful, punitive damages are warranted because the conduct was undertaken by members of upper management. Furthermore, Defendant Amazon has a policy and practice of discriminating against individuals because of their disability and/or pregnancy, failing to provide employees with accommodations, and retaliating against employees for requesting an accommodation, which is demonstrated by the dozens of lawsuits filed against Amazon in the past six years in the state of New Jersey alone, for violating New Jersey's Discrimination Laws.

58. To the extent there is any mixed motive, Plaintiff need only show that a determinative or motivating factor in the conduct directed towards him was because of his membership in one or more of the protected groups set forth above.

59. Plaintiff made a request for an accommodation in that he requested that he be given certain lifting restrictions as a result of his pregnancy, and a medical condition related to his pregnancy.

60. Despite Plaintiff's accommodation requests, Defendant failed to engage in any interactive process to determine whether or not the accommodations could be provided, and failed to provide the accommodations.

61. As a result of the unlawful conduct outlined above, Plaintiff has been forced to suffer both economic and non-economic harm.

62. Individual Defendants Menno and Houpt aided and abetted the unlawful harassment and retaliation that was engaged in by Defendant Amazon.

63. Individual Defendants Menno and Houpt were generally aware of their role in the overall illegal and unlawful activity at the time they aided and abetted such activity.

64. Individual Defendants Menno and Houpt knowingly and substantially assisted Defendant Amazon in harassing, retaliating against, and failing to accommodate Plaintiff.

65. As a result of the unlawful conduct outlined above, Plaintiff has been forced to suffer both economic and non-economic harm.

## COUNT I

### Harassment Based on Gender Identity Under the LAD

66. Plaintiff hereby repeats and re-alleges paragraphs 1 through 65, as though fully set forth herein.

67. The conduct set forth above constitutes harassment based on gender identity and is the responsibility of Defendants in both compensatory and punitive damages.

Wherefore, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT II

### Harassment Based on Pregnancy Under the LAD

68. Plaintiff hereby repeats and re-alleges paragraphs 1 through 67, as though fully set forth herein.

69. The conduct set forth above constitutes harassment based on Plaintiff's pregnancy, and is the responsibility of Defendant in both compensatory and punitive damages.

8

Wherefore, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT III

### Discrimination Based on Pregnancy Under the LAD

70. Plaintiff hereby repeats and re-alleges paragraphs 1 through 69, as though fully set forth herein.

71. Plaintiff was subjected to discrimination based on the fact that he was pregnant, and that discrimination had an adverse effect on his employment.

Wherefore, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT IV

### Failure to Accommodate

72. Plaintiff hereby repeats and re-alleges paragraphs 1 through 71, as though fully set forth herein.

73. Plaintiff made a request for a reasonable accommodation in that he be permitted to have certain lifting restrictions as a result of the fact that Plaintiff was pregnant.

9

74. Despite receiving Plaintiff's request for an accommodation, Defendants failed to engage in any interactive process to establish whether or not the accommodation could be provided, and failed to provide the reasonable accommodation.

Wherefore, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT V

### Retaliation Under the LAD

75. Plaintiff hereby repeats and re-alleges paragraphs 1 through 74, as though fully set forth herein.

76. Plaintiff engaged in protected activity under the LAD in that he made a request for a reasonable accommodation due to his pregnancy.

77. As a result of Plaintiff engaging in this protected activity, Plaintiff was penalized by the employer as to the terms and conditions of his employment, including, but not limited to, being forced to take paid leave, being forced to take unpaid leave, being denied accommodation requests, being demoted, and being forced to perform job duties outside of his accommodations.

Wherefore, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT VI

### Retaliation Under the LAD Against Individual Defendants Menno and Houpt

78. Plaintiff hereby repeats and re-alleges paragraphs 1 through 77, as though fully set forth herein.

79. Plaintiff engaged in protected activity pursuant to the LAD as outlined in Plaintiff's Complaint.

80. Subsequent the Plaintiff engaging in that protected activity, and as a result of Plaintiff engaging in that protected activity, Plaintiff was subjected to adverse employment actions as outlined at length in this Complaint.

81. The retaliation Plaintiff was subjected to was actionable against individual Defendants Menno and Houpt each as a "person" who takes reprisal under the LAD.

Wherefore, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT VII

### Aiding and Abetting as to Individual Defendants Menno and Houpt

82. Plaintiff hereby repeats and re-alleges paragraphs 1 through 81, as though fully set forth herein.

83. For the reasons set forth above, individual Defendants Menno and Houpt are individually and personally responsible for aiding and abetting the harassment, retaliation and discrimination of Defendant Amazon.

Wherefore, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT VIII

### Request for Equitable Relief

84. Plaintiff hereby repeats and re-alleges paragraphs 1 through 83 as though fully set forth herein.

85. Plaintiff requests the following equitable remedies and relief in this matter.

86. Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

87. Plaintiff requests that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

88. To the extent that plaintiff was separated from employment and to the extent that the separation is contested herein, plaintiff requests equitable reinstatement, with equitable back pay and front pay.

89. Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the plaintiff.

12

90.     Plaintiff requests that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

91.     Plaintiff requests that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

92.     Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

Wherefore, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**

Dated: September 4, 2020

By: */s/ Drake P. Bearden, Jr.*
    **Drake P. Bearden, Jr.**

13

## **DEMAND TO PRESERVE EVIDENCE**

1. All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**

By: */s/ Drake P. Bearden, Jr.*
    **Drake P. Bearden, Jr.**

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

**COSTELLO & MAINS, LLC**

By: */s/ Drake P. Bearden, Jr.*
    **Drake P. Bearden, Jr.**

14

## RULE 4:5-1 CERTIFICATION

1. I am licensed to practice law in New Jersey and am responsible for the captioned matter.

2. I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**

By: */s/ Drake P. Bearden, Jr.*
**Drake P. Bearden, Jr.**

## DESIGNATION OF TRIAL COUNSEL

Drake P. Bearden, Jr., Esquire, of the law firm of Costello & Mains, LLC, is hereby-designated trial counsel.

**COSTELLO & MAINS, LLC**

By: */s/ Drake P. Bearden, Jr.*
**Drake P. Bearden, Jr.**

# Civil Case Information Statement

**Case Details: MERCER | Civil Part Docket# L-001578-20**

**Case Caption:** SIMMONS SHAUN  VS AMAZON.COM SERVICES,  INC.
**Case Initiation Date:** 09/04/2020
**Attorney Name:** DRAKE P BEARDEN JR
**Firm Name:** COSTELLO & MAINS, LLC
**Address:** 18000 HORIZON WAY STE 800 MT LAUREL NJ 080544319
**Phone:** 8567279700
**Name of Party:** PLAINTIFF : SIMMONS, SHAUN
**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: SHAUN SIMMONS?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

09/04/2020
Dated

/s/ DRAKE P BEARDEN JR
Signed

```
MERCER COUNTY COURTHOUSE
CIVIL CASE MANAGMENT OFFICE
175 SOUTH BROAD ST P O BOX 8068
TRENTON           NJ 08650-0068
                                          TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (609) 571-4200
COURT HOURS  8:30 AM - 4:30 PM

                            DATE:    SEPTEMBER 04, 2020
                            RE:      SIMMONS SHAUN VS AMAZON.COM SERVICES INC.,
                            DOCKET:  MER L -001578 20

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON JANETTA D. MARBREY

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     008
AT:  (609) 571-4200 EXT 74456.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                    ATT: DRAKE P. BEARDEN
                                    COSTELLO & MAINS, LLC
                                    18000 HORIZON WAY STE 800
                                    MT LAUREL        NJ 08054-4319


JUWTOUZ
```

# EXHIBIT B

**COSTELLO & MAINS, LLC**
By: Drake P. Bearden, Jr.
Attorney I.D. No. 039202009
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | | |
|---|---|---|
| SHAUN SIMMONS, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | MERCER COUNTY - LAW DIVISION |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| AMAZON.COM SERVICES, INC., MIKE MENNO, TYLER HOUPT and JOHN DOES 1-5 AND 6-10, | : | DOCKET NO: MER-L-1578-20 |
| | : | |
| | : | **ACKNOWLEDGEMENT OF** |
| Defendants. | : | **SERVICE** |

**TO:**   EMILY CUNEO DESMEDT, ESQUIRE

Service of Complaint and Jury Demand, Summons, Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Production of Documents is hereby acknowledged this  4th  day of  September , 2020, by the undersigned, as counsel for Defendants.

*Emily Cuneo DeSmedt*
Emily Cuneo DeSmedt, Esquire
Morgan, Lewis & Bockius, LLP
502 Carnegie Center
Princeton, NJ 08540

Attorneys for Defendants